UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
W.P.S.,                                                 :
                                                        :
                            Petitioner,                 :
            -v-                                         :          26-CV-1495
                                                        :
KENNETH GENALO, *in his official capacity as*           :          **ORDER GRANTING**
*Field Office Director of New York, Immigration*        :          **PETITION FOR WRIT**
*and Customs Enforcement*; RAUL MALDONADO               :          **OF HABEAS CORPUS**
JR., *in his official capacity as Warden of the*        :
*Metropolitan Detention Center*; TODD LYONS, *in*       :
*his official capacity as Acting Director U.S.*         :
*Immigrations and Customs Enforcement*; KRISTI          :
NOEM, *in her official capacity as Secretary of*        :
*Homeland Security*; PAM BONDI, *in her official*       :
*capacity as Attorney General*,                         :
                                                        :
                            Respondents.                :
------------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

W.P.S. is presently detained by Respondents at the Metropolitan Detention

Center ("MDC") in Brooklyn, New York.  In his Petition for Writ of Habeas Corpus

(the "Petition"), ECF No. 1, through the declaration of his counsel and supporting

documentation, Petitioner asserts the following facts.  He is an Ecuadoran national

who entered the United States on October 2, 2021, and has resided continuously in

the country ever since.  He was briefly detained by Customs and Border Patrol

("CBP") officers for two days upon entering the United States, but then released on

his own recognizance (*i.e.*, fitted with an ankle monitor).  As a condition of his release,

1

he reported to Immigration and Customs Enforcement ("ICE") for weekly biometric check-ins for approximately a year after his initial detention.

On February 23, 2024, the Department of Homeland Security issued Petitioner a Notice to Appear, charging him as inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner then filed an application on March 25, 2024, seeking asylum, withholding of removal, and protection under the Convention Against Torture.

Petitioner received a call-in letter on January 5, 2026, instructing him to report to 26 Federal Plaza for "case updates" on January 27, 2026. During this appointment, Petitioner was taken into Respondents' custody, initially at the courthouse before being transported to MDC Brooklyn later that day. He remains in ICE custody to this day and avers that he has lost his apartment and his employment during this period of detention.

On March 13, 2026, Petitioner filed the Petition alleging that his detention violates his constitutional and statutory rights. He seeks, *inter alia*, declaratory relief; a Writ of Habeas Corpus directing his immediate and unconditional release from detention;[1] and injunctive relief enjoining Respondents from re-detaining him

---

[1] In the alternative, if the Court does not order his immediate release,

2

without conducting a pre-deprivation hearing pursuant to 8 U.S.C. § 1226(a).  Also on March 13, 2026, Petitioner filed a motion to proceed via pseudonym, given the sensitive information regarding his asylum application, immigration status, and other matters contained both in his Petition and potential subsequent filings.  ECF No. 2.

This case was assigned to the undersigned on March 16, 2026.  On that day, the Court provisionally granted Petitioner's motion to proceed via pseudonym, allowing Respondents to file a response, if any, by March 19, 2026.  The Court also issued an Order, ECF No. 4, directing Respondents to file, by 10:00 AM on March 17, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from the Court's decision in *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025), or from any other prior decisions issued by the undersigned in this area of law.  The Court further directed that, if Respondents asserted no basis to distinguish this

---

Petitioner asks the Court to conduct an individualized bond hearing within fourteen days, placing the burden on Respondents to establish that Petitioner's continued detention is justified by clear and convincing evidence.

Petition from the Court's analysis in *Hyppolite* or another decision of this Court, the submission could take the form of a letter so stating, and indicating whether Respondents oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal.   Finally, the Court's March 16, 2026 Order directed Respondents, in the event they took the position that this case is distinguishable from *Hyppolite*, to respond to the Petition and to show cause as to why it should not be granted on or before March 19, 2026 at 9:00 PM; to further affirm that they have provided the Court with all facts material to Petitioner's claims and Respondents' opposition to those claims; and to attach all exhibits related to those facts.

In their letter response filed on March 17, 2026, at 7:24 AM, ECF No. 6, Respondents have averred that they are presently detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A).   ECF No. 6 at 2. Petitioner has alleged, and Respondents do not dispute, that Respondents did not provide him with a pre-detention bond hearing, *see* Petition ¶ 1, ECF No. 1 at 2, which this Court found in *Hyppolite* is required for persons similarly situated to Petitioner.

Accordingly, as it did in *Hyppolite,* the Court finds that Petitioner has established that his detention violates his Fifth Amendment right to procedural due process, because Petitioner has lived in the United States for over four years (*i.e.,*

since October 2021) and is therefore entitled to an individualized, pre-detention bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a). *See Hyppolite*, 2025 WL 2829511, at \*12–16; *see also, e.g., Artiga v. Genalo*, No. 25 CV 5208 (OEM), 2025 WL 2829434, at \*8 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 498–99 (S.D.N.Y. Aug. 13, 2025); *Rodriguez v. Bostock*, No. 25 CV 05240 (TMC), 2025 WL 2782499, at \*16–26 (W.D. Wash. Sep. 30, 2025); *Salcedo Aceros v. Kaiser*, No. 25 CV 06924 (EMC), 2025 WL 2637503, at \*6–13 (N.D. Cal. Sep. 12, 2025); *Belsai D.S. v. Bondi*, No. 25 CV 3682, 2025 WL 2802947, at \*5 (D. Minn. Oct. 1, 2025) (collecting cases). Similarly, the Court finds that Petitioner has established that the mandatory detention provision of 8 U.S.C. § 1225(b)(2) relied upon by Respondents to justify the legality of Petitioner's detention is inapplicable here, because Petitioner is not "seeking admission" under Section 1225.

The Court hereby incorporates by reference its earlier analysis of these issues in *Hyppolite*, 2025 WL 2829511, at \*6–16. Given that neither the Second Circuit nor the United States Supreme Court has yet to address this precise question, the Court adheres to the reasoning of its earlier decision and the near-unanimous conclusion reached by hundreds of other district courts nationwide who have considered the issue to date. *Cf.* ECF No. 6 at 2 n.2 (discussing one district court opinion within the

Eastern District, along with those of four other district court judges within the Second Circuit and one decision by the Court of Appeals for the Fifth Circuit, adopting Respondents' analysis).

The Court also finds that Petitioner has established that his detention without a pre-deprivation bond hearing violates his right to procedural due process under the Fifth Amendment to the United States Constitution. *See, e.g., Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (noting that "the most significant liberty interest" recognized under the Constitution is "the interest in being free from imprisonment"). The Court has weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which applies when courts in the Second Circuit are called upon to determine "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at \*12 (S.D.N.Y., Sep. 12, 2025). Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily

6

in Petitioner's favor, and that granting the writ is an appropriate remedy for the deprivation of his right to procedural due process.

It is hereby:

**ORDERED**, that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED**.  It is further **ORDERED** that Respondents must release Petitioner from custody **no later than 10:00 AM on Wednesday, March 18, 2026.**

In light of the fact that Petitioner is presently being held in MDC in Brooklyn, New York, it is further **ORDERED** that **counsel for Respondents shall keep Petitioner's counsel informed regarding the timing, location, and manner of Petitioner's release from custody**, so that counsel may be present or arrange to have a family member or other representative present at the time of Petitioner's release.

Respondents, through counsel, **shall file a letter on the docket no later than 1:00 PM on that same date (Wednesday, March 18, 2026),** confirming that Petitioner has been released from custody.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner without first providing him with notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral magistrate, at which

7

Respondents will bear the burden of showing that his detention is authorized under

8 U.S.C. § 1226(a).

The Court's earlier order scheduling a hearing for March 23, 2026 is hereby

vacated in light of the Court's resolution of the merits of the petition. Petitioner's

counsel may submit an application for attorney's fees and costs under the Equal

Access to Justice Act within the time provided by the Local Rules.

**SO ORDERED.**

Dated:  March 17, 2026                         */s/ Nina R. Morrison*
        Brooklyn, New York                Nina R. Morrison
                                          United States District Judge